**NORTHSIDE LINCOLN MERCURY, INC., Appellant,**

v.

**FORD MOTOR COMPANY, Appellee.**

**Nos. 83–1539, 83–2469.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1984.

Decided Aug. 28, 1984.

Olson, Gunn & Seran, Ltd. by Wayne H. Olson, David R. Knodell, Minneapolis, Minn., for appellant.

Dorsey & Whitney by Robert Bayer, Peter Dorsey, James L. Altman, Minneapolis, Minn., for appellee.

Before BOWMAN, Circuit Judge, SWYGERT * and HENLEY, Senior Circuit Judges.

PER CURIAM.

Northside Lincoln Mercury, Inc. (Northside) commenced this action against Ford Motor Company (Ford) based upon provisions of the Minnesota Motor Vehicle Sale and Distribution Regulations, Minn.Stat. §§ 80E.01–80E.18. Section 80E.14 permits an existing dealer to commence a court action to determine if there is "good cause" for permitting the establishment of an additional new motor vehicle dealership.

In June 1980, there were five Lincoln-Mercury motor vehicle dealerships in the Minneapolis-St. Paul area; one of them, Capp Lincoln-Mercury, Inc., terminated its dealership in June 1980. In June 1982 Ford notified the remaining dealers, including Northside, in writing, that it intended to reopen the Capp location. After Northside pursued its remedies according to the procedures set forth in the dealership agreement, it brought this action on November 5, 1982 in state court. The case was removed to federal court on the basis of diversity of citizenship.

Prior to trial, Northside sought a preliminary injunction against Ford in order to stop Ford from taking any further action to open a proposed new dealership until there had been a "good cause" determination.[1] Ford moved for summary judgment on the ground that it merely was reopening a pre-existing dealership and therefore was exempt from the statutory provisions. *See* Minn.Stat. § 80E.14(1). The District Court[2] denied both motions. After a five-day trial, the District Court concluded that "good cause" had been established. Northside appeals from the District Court's denial of its request for a preliminary injunction and from the District Court's finding of good cause.

■ Northside requested a preliminary injunction to prevent Ford from taking any

---

* The Honorable Luther M. Swygert, United States Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. Northside also moved for a temporary restraining order to stop Ford from acting with regard to the dealership until after the preliminary injunction hearing. The District Court denied this motion.

2. The Honorable Diana Murphy, United States District Judge, District of Minnesota.

further action with regard to the new dealership until the "good cause" determination had been made. There now has been a final judgment in the "good cause" proceeding. Having reviewed the matter, we hold that the preliminary injunction issue is moot. *See generally Bell v. Sellevold,* 713 F.2d 1396 (8th Cir.1983) (application of mootness doctrine), *cert. denied,* — U.S. ——, 104 S.Ct. 978, 79 L.Ed.2d 215 (1984); *Allen v. Likins,* 517 F.2d 532, 534–35 (8th Cir.1975) (application of mootness doctrine).

■ With regard to the "good cause" determination, Northside argues that the District Court committed several errors of law; however, it primarily challenges the District Court's findings of fact. After reviewing the decision below, the record, and the briefs on appeal, we are convinced that the District Court committed no error of law or fact. As an example, Northside claims that the District Court rejected the statutory definition of "relevant market" area in favor of one chosen by Ford. But the District Court's opinion simply shows that it recognized a factual distinction between the statutory "relevant market" analysis and Ford's marketing strategies. In making its good cause determination, the District Court thoroughly considered the seven nonexclusive factors listed in the statute as well as other factors. We do not see any error in any of the District Court's findings. Having considered all of Northside's arguments, we affirm on the basis of the District Court's well-reasoned opinion. *See* 8th Cir. R. 14.